**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ELIBER ULISES MARTINEZ LOPEZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-70759

Agency No. A208-130-034

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 11, 2020**

Before:    SCHROEDER, CANBY, and TROTT, Circuit Judges.

Eliber Ulises Martinez Lopez, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum

and withholding of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

review for substantial evidence the agency's factual findings.  *Zehatye v. Gonzales*,

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

453 F.3d 1182, 1184-85 (9th Cir. 2006). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Martinez Lopez failed to establish that he was or would be persecuted on account of a protected ground. *See Ayala v. Holder,* 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Martinez Lopez's asylum and withholding of removal claims fail.

To the extent Martinez Lopez now relies on social groups that were not presented to the agency, we lack jurisdiction to consider them. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

We reject Martinez Lopez's contention that the IJ and the BIA applied the wrong standard of proof for withholding of removal. The IJ and the BIA both recognized that, under our decision in *Barajas-Romero v. Lynch*, 846 F.3d 351 (9th

2

Cir. 2017), the protected ground need only be "a reason" for the persecution, not "the one central reason" required for asylum.

Martinez Lopez's contends that the agency violated his due process rights by ignoring and misrepresenting his testimony. The record does not support this claim. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim); *see also Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000) (petitioner must overcome the presumption that BIA considered all the relevant evidence).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**